**Ernesto ARCE–RAMIREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74901.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

Ernesto Arce–Ramirez, pro se.

Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ernesto Arce–Ramirez petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his second motion to reopen as untimely and numerically barred.

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Specifically, the regulations provide that a petitioner may file one motion to reopen within ninety days after the mailing of the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2). In this case, the petitioner filed his second motion to reopen more than 31 months after mailing of the BIA's November 8, 2004 decision. Therefore, the BIA did not abuse its discretion when it denied petitioner's motion to reopen as untimely and numerically barred. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

To the extent that petitioner seeks review of the BIA's denial of the motion to reopen *sua sponte,* this court lacks jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2002). Therefore, respondent's motion for summary disposition is construed as a motion to dismiss in part, and, so construed, is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**